**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
Michael Samuel (MS7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Michael@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Qing Pu, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 16-CV-_____ |
| - vs. - | **COMPLAINT** |
| Matsu, Inc. d/b/a Matsu Japanese Sushi, Jianfu Zhuo, | |
| Defendants. | |

Plaintiff Qing Pu, by and through his undersigned attorneys, for his complaint against defendants Matsu Japanese Sushi, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.  Plaintiff Qing Pu alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants Matsu Japanese Sushi, Jianfu Zhuo,

who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.     Mr. Pu further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage, (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations, (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law, (iv) compensation for defendants' violation of the Wage Theft Prevention Act, and (v) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

1.     Plaintiff Qing Pu is an adult individual residing in Queens, New York.

2.   Mr. Pu consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

3.   Upon information and belief, defendant Matsu, Inc. d/b/a Matsu Japanese Sushi (hereinafter Matsu Japanese Sushi) is a New York corporation with an address of 483 Columbus Avenue, New York, NY.

4.   At all relevant times, defendant Matsu Japanese Sushi has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

5.   Upon information and belief, at all relevant times, defendant Matsu Japanese Sushi has had gross revenues in excess of $500,000.00.

6.   Upon information and belief, at all relevant times herein, defendant Matsu Japanese Sushi has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

7.   Upon information and belief, at relevant times, Matsu Japanese Sushi has constituted an "enterprise" as defined in the FLSA.

8.   At all relevant times herein, defendant Jianfu Zhuo was an owner or part owner and principal of Matsu Japanese

Sushi who had the power to hire and fire employees, set wages and schedules, and maintain their records.

9.   At all relevant times herein, defendant Zhuo was involved in the day-to-day operations of Matsu Japanese Sushi and played an active role in managing the business.

10.  Defendants constituted "employers" of Mr. Pu as that term is used in the New York Labor Law and the Fair Labor Standards Act.

## JURISDICTION AND VENUE

11.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

12.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

13.  Pursuant to 29 U.S.C. § 206 and § 207, plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by defendants in the United States at any time since May 18, 2012, to the entry of judgment in this case (the "Collective

Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid statutory minimum wages and/or overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

14.   The Collective Action Members are similarly situated to plaintiff in that they were employed by defendants as non-exempt restaurant workers, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

15.   They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

16.   The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

**FACTS**

17.   From approximately May 16, 2015 to January 25, 2916, Mr. Pu was employed full time by defendants.

18.    Mr. Pu was originally hired as a delivery person, but he was also required to do side jobs including food preparation and throwing out the garbage.

5

19.   Mr. Pu's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

20.   At all relevant times herein, Mr. Pu was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

21.   Mr. Pu routinely worked three different schedules in turns and five and half days per week.

22.   When Mr. Pu worked at a morning shift, he worked from 11:00 AM to 9:15 PM Monday to Thursday, 11:00 AM to 9:45 PM on Friday, and 5 PM to 9:45 on Saturday.

23.   When Mr. Pu worked at a day shift, he worked from 11:30 AM to 10:00 PM Monday to Thursday, 11:30 AM to 10:30 PM on Friday, and 5:00 PM to 10:30 PM on Saturday.

24.   When Mr. Pu worked at a night shift, he worked from 11:30 AM to 10:45 PM Monday to Thursday, 11:30 AM to 11:00 PM on Friday, and 5:00 PM to 11:00 PM on Saturday.

25.   Mr. Pu was given a break every day from 3:00 PM to 4:20 PM when he worked at a morning shift, or from 4:20 PM to 5:20 PM when he worked at a day and night shift.

26.   As a result, he worked approximately 45.6 hours per week when he worked at a morning shift, 48.5 hours per week

when he worked at a day shift, and 52.75 hours per week when he worked at a night shift.

27. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

28. Mr. Pu was paid semi-monthly, at a fixed monthly rate of $800 per month that did not vary over his employment.

29. Mr. Pu was not paid an overtime premium for hours worked in excess of forty hours per week; he only received his flat semi-monthly pay.

30. Mr. Pu received the same pay regardless of the exact number of hours he worked in a particular pay period.

31. In addition to his pay, Mr. Pu received tips during his employment.

32. However, Mr. Pu did not receive a sufficient amount of base pay for defendants to take advantage of the "tip credit" under the New York Labor Law.

33. Defendants never provided Mr. Pu with any notice regarding the "tip credit" and had no agreement in place with plaintiff regarding a tip credit.

34. Upon information and belief, defendants did not keep records of Mr. Pu's tips received or their tip allowances claimed.

35.   As a result of the hours he worked and the pay he received, Mr. Pu's effective rate of pay fell below the statutory minimum wage in effect at all relevant times.

36.   Defendants' failure to pay Mr. Pu the overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations, was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663, and supporting regulations.

37.   Although Mr. Pu routinely worked shifts lasting in excess of ten hours from start to finish during his employment with defendants, he was not paid a "spread of hours" premium of one hour's pay at the minimum wage on any of those days.

38.   Defendants violated the frequency of pay requirements of New York Labor Law § 191 by paying Mr. Pu semi-monthly.

39.   Upon information and belief, throughout the period of Mr. Pu's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Pu (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not

include any managerial responsibilities or the exercise of independent judgment.

40.  Upon  information  and  belief,  these  other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them (1) the minimum wage, or (2) overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

41.  Upon  information  and  belief,  these  other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

42.  Defendants failed to provide Mr. Pu and these other individuals  with  written  wage  notices  providing  the information required by the Wage Theft Prevention Act – including, inter alia, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same,  upon  their  hiring  or  at  any  time  thereafter,  in violation of New York Labor Law § 195.1 and the Wage Theft Prevention Act.

43.  Defendants failed to provide Mr. Pu and these other individuals with weekly paystubs or other wage statements constituting records of their compensation and hours worked,

in violation of New York Labor Law § 195.3 and the Wage Theft Prevention Act.

44.  Defendants' policy of paying Mr. Pu and these other individuals on a semi-monthly basis rather than on an hourly basis after January 1, 2011, violated 12 N.Y.C.R.R. § 146-2.5.

45.  Upon information and belief, while defendants employed Mr. Pu and the Collective Action members, and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide employees with records of their hours worked.

46.  Upon information and belief, while defendants employed Mr. Pu and the Collective Action members, and through all relevant time periods, defendants failed to post and keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and New York Labor Law.

## COUNT I

### (Fair Labor Standards Act – Minimum Wage)

47.  Mr. Pu, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48. At all relevant times, defendants employed Mr. Pu and the Collective Action Members within the meaning of the FLSA.

49. Defendants failed to pay a salary greater than the minimum wage to Mr. Pu and the Collective Action Members for all hours worked.

50. As a result of defendants' willful failure to compensate Mr. Pu and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

52. Due to defendants' FLSA violations, Mr. Pu and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

53.   Mr.  Pu  repeats,  realleges,  and  incorporates  by reference the foregoing allegations as if set forth fully and again herein.

54.   At  all  relevant  times,  Mr.  Pu  was  employed  by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55.   Defendants  willfully  violated  Mr.  Pu's  rights  by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

56.   Defendants'  failure  to  pay  compensation  in  excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

57.   Due  to  defendants'  New  York  Labor  Law  violations, Mr.  Pu  is  entitled  to  recover  from  defendants  his  unpaid compensation,  liquidated  damages,  interest,  reasonable attorneys'  fees,  and  costs  and  disbursements  of  the  action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

58.   Mr. Pu, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

59.   At all relevant times, defendants employed Mr. Pu and each of the Collective Action Members within the meaning of the FLSA.

60.   At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

61.   As a result of defendants' willful failure to compensate their employees, including Mr. Pu and the Collective Action Members, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

62.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

63.   Due to defendants' FLSA violations, Mr. Pu and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

64.   Mr. Pu repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

65.   At all relevant times, Mr. Pu was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

66.   Defendants willfully violated Mr. Pu's rights by failing to pay him full overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

67.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

68.   Due to defendants' New York Labor Law violations, Mr. Pu is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

69.   Mr. Pu repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

70.   At all relevant times, Mr. Pu was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

71.   Defendants willfully violated Mr. Pu's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked more than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

72.   Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

73. Due to defendants' New York Labor Law violations, Mr. Pu is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT VI**

**(New York Labor Law – Frequency of Pay)**

74. Mr. Pu repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

75. At all relevant times, Mr. Pu was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

76. Defendants willfully violated Mr. Pu's rights by failing to pay him his wages owed within one week after the week in which his wages were earned, in violation of New York Labor Law § 191.

77. Defendants' failure to pay wages on the applicable schedule, was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

78. Due to defendants' New York Labor Law violations, Mr. Pu is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and

disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VII

### (New York Labor Law – Wage Theft Prevention Act)

79.  Mr. Pu repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

80.  At all relevant times, Mr. Pu was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

81.  Defendants willfully violated Mr. Pu's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

82.  Defendants willfully violated Mr. Pu's rights by failing to provide him with accurate weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

83.  Due to defendants' New York Labor Law violations, Mr. Pu is entitled to recover from defendants statutory damages of $100 per week throughout his employment, and $50 per week throughout his employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiff and his counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.   Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

e.   A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f.   An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g.   Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h.   Damages for defendants' violation of the frequency of payment requirements of New York Labor Law;

i.   Liquidated damages for defendants' New York Labor Law violations;

j.   Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

k.   Back pay;

l.   Punitive damages;

m.   An award of prejudgment and postjudgment interest;

n.   An award of costs and expenses of this action
     together with reasonable attorneys' and expert
     fees; and

o.   Such other, further, and different relief as this
     Court deems just and proper.

Dated:   May 24, 2016

                                    _____
                                    Michael Samuel (MS7997)
                                    SAMUEL & STEIN
                                    38 West 32nd Street
                                    Suite 1110
                                    New York, New York 10001
                                    (212) 563-9884

                                    Attorneys for Plaintiff

# EXHIBIT A